**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

**UNITED STATES OF AMERICA,**

    **Plaintiff/Respondent,**        **CIVIL ACTION NO. 09-14239
CRIMINAL CASE NO. 05-80810**

**vs.**

                                              **DISTRICT JUDGE LAWRENCE P. ZATKOFF**

**TODD DUANE BENALLY,**          **MAGISTRATE JUDGE MONA K. MAJZOUB**

    **Defendant/Petitioner.**

_____/

## REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION**: This Court recommends that Petitioner's Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside or Correct Sentence By A Person In Federal Custody (docket no. 531) be **DENIED**.

**II.**    **REPORT**

This matter is before the Court on Petitioner Todd Duane Benally's Motion to Vacate, Set Aside or Correct His Sentence Pursuant to 28 U.S.C. § 2255. (Docket no. 531). The motion is fully briefed. This matter has been referred to the undersigned for action pursuant to 28 U.S.C. § 636(b)(1)(B). (Docket no. 532). A prisoner who files a motion under § 2255 is entitled to an evidentiary hearing unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. 28 U.S.C. § 2255. For the reasons stated below, the Court finds that the files and the records in this case conclusively show that Petitioner is not entitled to relief under 28 U.S.C. § 2255. Accordingly, no evidentiary hearing is required to resolve the merits of the pending motion. 28 U.S.C. § 2255; *see Smith v. United States*, 348 F.3d 545, 550-51 (6th Cir. 2003).

1

The Court is now ready to rule on the motion.

**A.    Facts and Procedural History**

On October 6, 2005 a federal grand jury indicted Petitioner Todd Duane Benally on charges of conspiracy to possess with intent to distribute and to distribute 1000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and 846, and with unlawful use of a communication facility in violation of 21 U.S.C. § 843(b). Petitioner entered into a Rule 11 plea agreement on August 30, 2006. (Docket no. 366). Worksheets attached to Petitioner's plea agreement calculated a base offense level of 32 with a criminal history category of I, based on zero criminal history points. After a three point reduction for Petitioner's acceptance of responsibility, and a two-level safety valve reduction, Petitioner's total offense level was 27, leading to a guidelines range of 70 to 87 months imprisonment. The parties stipulated to a guidelines range of 70 to 78.5 months, and agreed that this sentence was appropriate only if the safety valve applied to limit the application of the statutory mandatory minimum sentence of 120 months imprisonment. (Docket no. 366 at 7).

Petitioner acknowledged in his Rule 11 plea agreement that he understood that the court would make factual and legal findings concerning his conduct and criminal history. He further acknowledged that he understood that these findings would be based upon information provided by the parties and the probation officer responsible for preparing his presentence investigation report. Petitioner agreed that if his criminal history category was determined to be higher than that reflected in the attached worksheets, his term of imprisonment would be adjusted to correspond to his adjusted offense level and the higher criminal history category. (Docket no. 366 at 7).

Pursuant to the plea agreement, Petitioner was permitted to withdraw his guilty plea if the court rejected the agreement and was unwilling to impose a sentence within the agreed upon

guideline range. (Docket no. 366 at 7). Petitioner agreed that he would not seek, recommend, or advocate for a sentence outside of the sentence range. (Docket no. 366 at 7). Finally, Petitioner waived his right to appeal his conviction or sentence provided his sentence did not exceed the top of the range described in paragraph 2 of the plea agreement. (Docket no. 366 at 13). The plea agreement does not indicate that Petitioner also waived his right to collateral review.

On August 30, 2006 Petitioner pleaded guilty to two of three charged offenses. (Docket 531, Ex. A, B). During his Rule 11 plea colloquy, Petitioner acknowledged that one of the offenses to which he pleaded guilty carried a mandatory minimum sentence of ten years. (Docket no. 531, Ex. B at 11). Petitioner acknowledged that the parties agreed to a sentence of 70 to 78.5 months based upon their belief that the safety valve applied in this case. (Docket no. 531, Ex. B at 13). Petitioner further acknowledged that he discussed the Rule 11 plea agreement with his attorney and he was satisfied with his attorney's representation. (Docket no. 531, Ex. B at 6, 8). At the end of the hearing, the Court accepted Petitioner's guilty plea after finding it to be knowing, voluntary, and freely made. (Docket no. 531, Ex. B at 20).

On December 11, 2007, the parties appeared for a sentencing hearing at which time the court informed the parties that the Petitioner was not qualified under the safety valve because the probation report showed that he had a prior conviction that placed him within criminal history category II. (Docket no. 508 at 3). The court advised the parties that the Petitioner's applicable guideline range was 121 to 151 months and asked the parties how they wished to proceed. (Docket no. 508 at 3). Defense counsel acknowledged that there was a mandatory minimum sentence of ten years, then asked the court to permit him thirty days to develop facts to show that the Petitioner qualified for a downward departure of the mandatory minimum sentence based on substantial

3

assistance. After the government argued that it was not moving for downward departure, the court proceeded to sentence the Petitioner. Before the sentence was read, Petitioner accepted responsibility for his actions and stated his willingness to accept "any judgment given to [him]." (Docket no. 508 at 13). The court then sentenced Petitioner to 121 months imprisonment followed by five years of supervised release. (Docket no. 508 at 15).

On December 14, 2007 Petitioner filed a Notice of Appeal. (Docket no. 505). The Sixth Circuit Court of Appeals dismissed Petitioner's appeal on December 8, 2008 on the ground that Petitioner waived his right to appeal. (Docket no. 522). Thereafter, Petitioner filed the instant motion for § 2255 relief.

**B.     Governing Law**

A petitioner who files a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 must demonstrate that there was an error of constitutional magnitude, the sentence was imposed outside the statutory limits, or there was an error of fact or law so fundamental as to render the entire proceeding invalid. *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001) (citation omitted). Ordinarily, sentencing challenges not made on direct appeal are waived and cannot be made for the first time in a post-conviction § 2255 motion. *Id. See also United States v. Walsh*, 733 F.2d 31, 34-35 (6th Cir. 1984) (a defendant must object to his sentence at the time of the sentencing hearing or raise the issue on appeal in order to preserve his right to assert the issue in a section 2255 motion). Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in a motion under § 2255 only if the defendant first demonstrates either cause for the default and actual prejudice or that he is actually innocent. *Bousley v. United States*, 523 U.S. 614, 622, (1998). To satisfy the "cause" test, a petitioner must

4

show that "some objective factor external to the defense" kept him from raising the issue earlier. *Coleman v. Thompson,* 501 U.S. 722, 753 (1991) (quoting *Murray v. Carrier,* 477 U.S. 478, 488 (1986)).

**C.     Analysis**

Petitioner moves to set aside his conviction and proceed to trial on the ground that his guilty plea was the product of an illusory plea agreement. (Docket no. 531 at 7). He further argues that he should be given an opportunity to present a record to show that he is entitled to resentencing because he provided substantial assistance to the government. (Docket no. 531 at 8). For the reasons stated below, the Petitioner's motion should be denied.

**1.     Illusory Plea Agreement**

Petitioner argues that his Rule 11 plea agreement was illusory because at the time it was entered into the government and defense counsel knew of his prior conviction and the fact that he was ineligible for sentencing under the safety valve provisions of the sentencing guidelines. The record shows that Petitioner did not raise this issue at his guilty plea or sentencing hearing.

Petitioner waived his right to appeal his sentence and conviction as part of his plea agreement. In spite of this Petitioner filed an appeal that was subsequently dismissed due to his appeal waiver. Even if the Petitioner had not waived his right to appeal, he states in his Motion to Vacate that he did not raise the issue of an illusory plea agreement in his Sixth Circuit appeal. (Docket no. 531 at 6 ¶ 13). Petitioner does not identify good cause for failing to raise the issue on direct appeal, or prejudice. He does not profess his actual innocence. Furthermore, Petitioner does not complain that his counsel who represented him at the time of his guilty plea rendered ineffective assistance. Accordingly, Petitioner's claim is waived and collateral review is barred.

5

Even if collateral review was not barred, the Court is not persuaded that the plea agreement was illusory. Petitioner alleges that the government and defense counsel knew at the time of Petitioner's guilty plea that the Petitioner had a prior conviction and did not qualify for the safety valve. However, Petitioner was also aware that he had a prior conviction. Furthermore, Petitioner was aware through his Rule 11 plea agreement that the court was not bound by the sentence agreement of the parties, and instead would make its own determination of the correct sentence guideline based upon factual and legal findings related to Petitioner's conduct and criminal history. (Docket no. 366). By pleading guilty to the charged offenses, Petitioner understood that the court could impose a higher sentence guideline based upon his prior criminal history. Nevertheless, Petitioner pleaded guilty to two of the three charged offenses. Almost four months later at the sentencing hearing, when the court informed the Petitioner that he did not qualify for the safety valve and his guideline range was 121 to 151 months, and asked how the parties wished to proceed, Petitioner went forward with sentencing instead of arguing that the plea agreement was illusory.

Petitioner's plea agreement sets forth sentencing ranges that the government believed, but did not promise, would apply. He pleaded guilty to two of the three charged offenses, with the third offense being dismissed. Petitioner has failed to show that the plea agreement was illusory. Accordingly, his claim for § 2255 relief should be rejected.

**2.    Substantial Assistance**

Next, Petitioner contends that he had a right to an evidentiary hearing to present a record that he provided substantial assistance to the government and was therefore entitled to have the government file a motion to reduce his sentence from the mandatory minimum ten year sentence. The record shows that Petitioner raised this issue before the trial judge at his sentencing hearing,

6

asking that he be permitted thirty days in which to gather facts to show that he provided substantial assistance.

The government has "a power, not a duty, to file a motion when a defendant has substantially assisted." *Wade v. United States*, 504 U.S. 181, 185 (1992). "A defendant has no *right* to require that the government make a 5K1.1 motion; and even if such motion is made, a defendant has no *right* to a departure based on his cooperation and assistance. The decision . . . as to whether or not to make such a motion rests with the government." *United States v. Khalife*, 954 F. Supp. 1168, 1172 (E.D. Mich. 1997), *aff'd*, 181 F.3d 101 (6th Cir. 1999). Consequently, "a claim that a defendant merely provided substantial assistance will not entitle a defendant to a remedy or even to discovery or an evidentiary hearing." *Wade v. United States*, 504 U.S. at 186. Instead, a defendant is entitled to a hearing "only if he makes a substantial threshold showing of an unconstitutional motive." *United States v. Bagnoli*, 7 F.3d 90, 92 (6th Cir. 1993).

Petitioner's plea agreement clearly provides that it is exclusively within the U.S. Attorney's discretion to determine whether the Petitioner provided substantial assistance to the government in his criminal case. Petitioner does not claim that the government withheld a substantial assistance motion based on an unconstitutional motive. Accordingly, Petitioner has failed to show that he is entitled to a hearing to determine whether he provided substantial assistance. Petitioner's claim for § 2255 relief should be denied.

**D.     CONCLUSION**

For the reasons stated herein, this Court recommends that Petitioner's motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 be **DENIED.**

**III. NOTICE TO PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: September 16, 2010         s/ Mona K. Majzoub
                                  MONA K. MAJZOUB
                                  UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: September 16, 2010         s/ Lisa C. Bartlett
                                  Case Manager

8